

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00134-CR

———————————————

JOHN WESLEY BREEDLOVE II, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 355th District Court
Hood County, Texas
Trial Court No. CR14536

---

Before Sudderth, C.J.; Womack and Walker, JJ.
Memorandum Opinion by Justice Womack

**MEMORANDUM OPINION**

Appellant John Wesley Breedlove II appeals his conviction and forty-eight-year sentence for the offense of continuous sexual abuse of a child. *See* Tex. Penal Code Ann. § 21.02. Breedlove's court-appointed appellate attorney has filed a motion to withdraw as counsel and a brief in support of that motion. We grant counsel's motion to withdraw and affirm the trial court's judgment.

In her motion to withdraw and supporting brief, counsel has determined, after examining the appellate record, that no arguable grounds for appeal exist. *See Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967). Counsel's brief and motion meet the *Anders* requirements, presenting a professional evaluation of the entire record demonstrating why there are no arguable grounds for relief. *Id.*, 87 S. Ct. at 1400. Although provided the opportunity to seek a copy of the appellate record and to file a pro se response, Breedlove has not done so. Likewise, the State did not respond to the *Anders* brief.

After carefully reviewing the record and counsel's brief, we agree with counsel that this appeal is wholly frivolous and without merit.[1] *See Stafford v. State*, 813 S.W.2d

---

[1]In orders dated July 28, 2022, and May 22, 2023, we expressed concerns regarding a potential ineffective-assistance-of-counsel claim. We have determined that the issue cannot be successfully argued in this case on direct appeal. *See Gomez v. State*, 552 S.W.3d 422, 432 (Tex. App.—Fort Worth 2018, no pet.) (citing *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012)). *But cf. Nava v. State*, 415 S.W.3d 289, 308 (Tex. Crim. App. 2013) (noting that if trial counsel did not have opportunity to explain action or inaction, we should not find deficient performance unless the conduct was "so outrageous that *no competent attorney* would have engaged in

503, 511 (Tex. Crim. App. 1991) (noting reviewing court's duty to make independent determination after reviewing record); *see also Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988). Our independent review of the record reveals no arguable grounds for appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). We therefore grant counsel's motion to withdraw and affirm the trial court's judgment.

/s/ Dana Womack

Dana Womack
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 31, 2023

---

it." (emphasis added)). "[T]he better procedural mechanism for pursuing a claim of ineffective assistance is almost always through writ of habeas corpus proceedings." *Tellez v. State*, No. 04-18-00426-CR, 2019 WL 2271956, at *1 (Tex. App.—San Antonio May 29, 2019, no pet.) (mem. op., not designated for publication) (citing *Freeman v. State*, 125 S.W.3d 505, 511 (Tex. Crim. App. 2003) (Price, J., dissenting)).